Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1203 | **DATE** | 11/20/2000 |
| **CASE TITLE** | Okaya (USA), Inc. vs. Denne Industries, Inc., et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss amended complaint [15-1] is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | NOV 21 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING 00 NOV 20 PM 4: 28 | date mailed notice | |
| RO | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| OKAYA (U.S.A.), INC., ) | **DOCKETED** |
| ) | NOV 2 1 2000 |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 00 C 1203 |
| ) | |
| DENNE INDUSTRIES, INC., RONALD ) | |
| L. DENNE, RBD ENTERPRISES, ) | Judge Ruben Castillo |
| ROBERT CASPER, and DAVID STERN ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Okaya (U.S.A.), Inc. ("Plaintiff") filed a lawsuit against Denne Industries, Inc., Ronald L. Denne, RBD Enterprises, Robert Casper, and David Stern ("Defendants"), alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(c) and (d), conversion, civil conspiracy, unjust enrichment, and quantum meruit. Currently before this Court is Defendants Denne Industries, Inc, Ronald Denne, RBD Enterprises, and Robert Casper's ("the Denne Defendants") Motion to Dismiss Plaintiff's Amended Complaint ("Motion to Dismiss") pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(6), and 12(b)(1).

For the following reasons, the Denne Defendants' Motion to Dismiss is granted.

## RELEVANT FACTS[1]

Plaintiff is in the business of buying and selling steel. Plaintiff maintains an inventory of processed and unprocessed steel at Noramco Chicago, Inc. ("Noramco"), a public warehouse located in Lemont, Illinois. Plaintiff purchases this steel primarily from its parent company,

---

[1] As this Court is required to do when considering a motion to dismiss, we accept all well-pled facts as true and draw all inferences in favor of the plaintiff. *Majchrowski v. Norwest Mortgage, Inc.,* 6 F. Supp. 2d 946, 952 (N.D. Ill. 1998).

which is located in Japan. Plaintiff sells the steel in its own name, through its own sales employees, without the use of outside representatives or distributors.

Defendants are: (1) Denne Industries, Inc. ("Denne Industries"), a corporation that, among other things, sells steel; (2) Ronald L. Denne ("Denne"), the primary shareholder of Denne Industries, who does business as RBD Enterprises; (3) RBD Enterprises ("RBD"), an unincorporated association of Ronald L. Denne and his wife, Betty Denne; (4) Robert Casper, an Officer of Denne Industries; and (5) David Stern, a former sales representative for Plaintiff.

David Stern worked for Plaintiff from the fall of 1998 until the end of 1999. During this time, on more than twenty-five occasions, Stern allegedly instructed Noramco to ship steel for Plaintiff's customers in and around Bremen, India to the Bremen Transfer Warehouse (the "Bremen Warehouse"). Stern then instructed the Bremen Warehouse to re-ship Plaintiff's steel to Defendant Denne Industries, RBD Enterprises and/or Ronald Denne. The Denne Defendants then paid Stern individually for Plaintiff's steel, at prices substantially below Plaintiff's lowest sales prices. Plaintiff did not receive any of the proceeds from these alleged transactions. The Denne Defendants also arranged for the transportation of Plaintiff's steel to their facility in Ohio. Robert Casper allegedly facilitated the transactions between Stern and the Denne Defendants.

According to Plaintiff, Defendants were aware of each other's roles in the scheme, as evidenced by the absence of any quotes, purchase orders, confirmations, invoices, or other communications from Plaintiff for any of the shipments of its steel. Furthermore, Defendants purportedly issued payments directly to Stern for prices substantially below the market price and Plaintiff's previous price quotes for such steel.

On February 29, 2000, Plaintiff filed a complaint alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(c) and (d), conversion, civil

2

conspiracy, unjust enrichment, and quantum meruit. The Denne Defendants filed a motion to dismiss, which was granted by this Court, without prejudice, on June 6, 2000. On July 7, 2000, Plaintiff filed an amended complaint. Currently before this Court is the Denne Defendants' Motion to Dismiss Plaintiff's Amended Complaint.

## ANALYSIS

### I. LEGAL STANDARDS

A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. *Majchrowski v. Norwest Mortgage*, 6 F. Supp. 2d 946, 952 (N.D. Ill. 1998). The court must view all facts alleged in the complaint, as well as any reasonable inferences drawn from those facts, in the light most favorable to the plaintiff. *Stachon v. United Consumers Club, Inc.*, No. 99-3938, 2000 WL 1478395, at *1 (7th Cir. Oct. 6, 2000); *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996); *Dawson v. General Motors Corp.*, 977 F.2d 369, 372 (7th Cir. 1992). A complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts warranting relief. *Doherty*, 75 F.3d at 322.

### II. RICO CLAIM (COUNT II)

The Denne Defendants seek dismissal of Plaintiff's Amended Complaint on the grounds that Plaintiff failed to adequately plead its RICO claim. Plaintiff's RICO claim is brought under 18 U.S.C. §§ 1962(c) and (d). The Denne Defendants challenge Plaintiff's § 1962(c) claim on two grounds: (1) failure to adequately allege an enterprise; and (2) failure to describe Defendants' conduct with the required specificity. The Denne Defendants challenge Plaintiff's § 1962(d) count on the ground that it fails to plead conspiracy as anything more than a conclusion. The Denne Defendants further assert that, should this Court dismiss Plaintiff's

3

RICO claim, its state law claims must be dismissed for lack of supplemental jurisdiction. We will address each issue in turn.

### A. 18 U.S.C. § 1962(c)

Plaintiff contends that Defendants violated § 1962(c), which makes it unlawful for "any person employed by or associated with [an] enterprise . . . to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." To state a claim under this section, Plaintiff must plead (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 644 (7th Cir. 1995) (citing *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). The Denne Defendants contend that: (1) Plaintiff has not adequately pled the existence of an enterprise; and (2) Plaintiff has not alleged acts of fraud with the particularity required under Federal Rule of Civil Procedure 9(b).

*1. Enterprise*

A RICO complaint must identify the enterprise. *Richmond*, 52 F.3d at 644. An enterprise is "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4); *Stachon*, 2000 WL 1478395, at *2. In order to plead enterprise, a plaintiff must identify the enterprise, demonstrate that the enterprise is distinct from the RICO "person," i.e., the defendant (the "distinctness requirement"), and plead that the RICO person participated in the operation or management of the enterprise. *Majchrowski*, 6 F. Supp. 2d at 953.

Plaintiff's Amended Complaint alleges that Defendants were employed by, or associated with, an "enterprise" as that term is defined in 18 U.S.C. § 1961(4), "which enterprise consisted of their association in fact together." (R. 14, Pl.'s Am. Compl. ¶ 40.) The Denne Defendants

4

assert that Plaintiff has failed to adequately plead enterprise because Plaintiff has not met the distinctness requirement and has not adequately identified the enterprise. We agree.

   *a) The Distinctness Requirement*

RICO prohibits defendant "persons" from conducting the affairs of an "enterprise" in a criminal or fraudulent manner. *Ewing v. Midland Fin. Co.*, No. 96 C 222, 1997 WL 627644, at *4 (N.D. Ill. Sept. 26, 1997). A RICO "person" is "any individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C. § 1961(3). A RICO "enterprise" includes "any individual, partnership, corporation, association, or other legal entity." 18 U.S.C. § 1961(4). Because the terms of RICO prohibit defendant "persons" from conducting the affairs of an "enterprise" in a criminal or fraudulent manner, the "person" must be a distinct and separate entity from the "enterprise" whose affairs it conducts. *Richmond*, 52 F.3d at 646.

In order to satisfy the distinctness requirement, the RICO person must have committed the crime or fraud while conducting the enterprise's affairs, not merely its own business. *Richmond*, 52 F.3d at 646. In *Richmond,* the court held that the designated RICO persons (three car sales finance agencies that allegedly perpetrated a "forced placed insurance" scheme) were not separate and distinct from enterprises consisting of "a group of entities associated in fact to sell used cars and the accompanying car warranties and insurance." *Id.* at 646. Although it was clear that the defendant sales finance agencies were different entities than the various companies making up the enterprises, the complaint failed to state a RICO claim because the forced placed insurance fraud "began and ended" with the defendant persons. *Id.* at 647. Nothing in the complaint demonstrated that the defendants had somehow used the enterprise to commit the fraud; the defendants were simply conducting their own affairs in executing the forced placed insurance scheme. *Id.*

5

Plaintiff's Amended Complaint suffers from the same deficiency. Plaintiff alleges that each of the Defendants participated in a variety of activities, including conversion of Plaintiff's steel as well as mail and wire fraud, but Plaintiff has not alleged that the actions of the Defendants served any purpose other than their individual gain. The Denne Defendants are both the target "persons" and the "association in fact" that make up the purported enterprise, and thus are in no way separate or distinct. Therefore, Plaintiff has not met the distinctness requirement for pleading enterprise under § 1962(c).

*b) Identifying the Enterprise*

The Denne Defendants argue that Plaintiff has failed to adequately identify the enterprise used by Defendants in the complained of transactions. "The hallmark of an enterprise is 'structure.'" *Richmond*, 52 F.3d at 645 (citations omitted). Structure is shown "by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *U.S. v. Turkette*, 452 U.S. 576, 583 (1981); *see also Richmond*, 52 F.3d at 644 (describing enterprise as "an ongoing structure of persons associated through time, joined in purpose, and organized in a manner amenable to hierarchical or consensual decision-making") (citation omitted). A listing of entities "strung together" by the label "enterprise" is not sufficient to adequately plead the existence of an enterprise under RICO. *Richmond*, 52 F.3d at 646. "In assessing whether an alleged enterprise has an ascertainable structure . . . it is appropriate to consider whether the enterprise would still exist were the predicate acts removed from the equation." *Schmidt v. Fleet Bank*, 16 F. Supp. 2d 340, 349 (S.D.N.Y. 1998) (citations and quotations omitted).

In addition to demonstrating structure, to adequately state a claim under RICO, Plaintiff must show "that the defendants conducted or participated in the conduct of the 'enterprise's

6

affairs,' not just their own affairs." *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993). "An enterprise is distinct, separate, and apart from a pattern of racketeering activity: although a pattern of racketeering activity may be the means through which the enterprise interacts with society, it is not itself the enterprise, for an enterprise is defined by what it is, not what it does." *Jennings v. Emry*, 910 F.2d 1434, 1440 (7th Cir. 1990). To withstand a motion to dismiss, a plaintiff must present something more than a pattern of racketeering activity and assertions of conspiracy; otherwise "every conspiracy to commit fraud that requires more than one person to commit is a RICO organization and consequently every fraud that requires more than one person to commit is a RICO violation." *Stachon*, 2000 WL 1478395, at *2 (quoting *Bachman v. Bear, Stearns & Co.*, 178 F.3d 930, 932 (7th Cir. 1999)).

In this case, Plaintiff has not pled the existence of a structure apart from the alleged racketeering activity itself. Plaintiff has not alleged that the Denne Defendants were organized for any purpose other than converting and selling Plaintiff's steel. To the contrary, the Amended Complaint merely explains the roles of each Defendant without addressing the structure of the enterprise or how Defendants' activities benefitted the group as an independent entity.

Plaintiff erroneously relies on *Montgomery Wards, L.L.C. v. Mease*, No. 99 C 5697, 2000 WL 556758 (N.D. Ill. May 1, 2000) to demonstrate that it has adequately pled enterprise. In *Montgomery Wards*, the court found that the plaintiff had pled enterprise adequately and that its complaint demonstrated a "hierarchical organization with differentiated roles." *Id.* at *3. The complaint provided a detailed account of the system by which each defendant contributed to embezzlement of over three million dollars from the plaintiff. Moreover, according to the

complaint, all of the embezzled money wound up in the personal bank account of only two (out of more than five) of the defendants. *Id.* at *1.[2]

Unlike the plaintiff's complaint in *Montgomery Wards*, the Amended Complaint in this case does not sufficiently allege a hierarchical organization with differentiating roles and does not provide any explanation for Defendants' actions other than their own self-interest. Moreover, the Amended Complaint does not allege sufficiently that Defendants were engaged in a scheme to further the interests of the enterprise. Because Plaintiff failed to identify the enterprise and failed to demonstrate that the enterprise is distinct from the RICO person, the Denne Defendants' Motion to Dismiss is granted with respect to Plaintiff's § 1692(c) claim.

2. *Fraud*

The Denne Defendants also assert that Plaintiff's Amended Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 9(b) because it fails to state with specificity how the Defendants conducted the affairs of the alleged enterprise. We disagree, and accordingly do not rely on this assertion as a basis for dismissing Plaintiff's Amended Complaint. Nonetheless, we will address this argument.

---

[2] Plaintiff's reliance on *Bruner Corp. v. R.A. Bruner Co.*, 133 F.3d 491 (7th Cir. 1998) also is misplaced. In *Bruner*, the Seventh Circuit reversed the district court's grant of summary judgment to the defendant on the plaintiff's RICO claim, but on grounds unrelated to the issues in this case. *Id.* at 499. At issue in *Bruner* was whether the plaintiff could prove that the defendant had the required mens rea necessary to be liable under RICO. *Id.* at 495-96. The Seventh Circuit held that summary judgment was inappropriate because it was unable to say with certainty that no reasonable jury could find that the defendant had knowledge sufficient to satisfy the mens rea requirements of RICO. *Id.* at 497. In contrast, in this case, the Denne Defendants have not questioned whether Plaintiff has alleged sufficiently the mens rea required to violate RICO. Rather, the Denne Defendants contend that Plaintiff has failed to plead enterprise adequately. We agree and thus dismiss the Amended Complaint. *See Richmond*, 52 F.3d at 647.

8

When pleading a cause of action under RICO involving fraud, Rule 9(b) requires the plaintiff to plead its allegations with particularity. *Majchrowski*, 6 F. Supp. 2d at 952. A RICO plaintiff "must, at a minimum, describe the predicate acts [of fraud] with some specificity and state the time, place, and content of the alleged communications perpetrating the fraud." *Goren v. New Vision Int'l, Inc.*,[3] 156 F.3d 721, 726 (7th Cir. 1998) (citation omitted); *Hobson v. Lincoln Ins. Agency, Inc.*, No. 99 C 5619, 2000 WL 1279334, *4 (N.D. Ill. Sept. 7, 2000). Generally, Rule 9(b) requires that a plaintiff plead the "who, what, when, where and how" of the fraud. *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). "[I]n a multiple defendant case, Rule 9(b) requires a RICO plaintiff to plead sufficient facts to notify each defendant of his alleged participation in the scheme." *Goren*, 156 F.3d at 726. Finally, although Rule 9(b) disfavors lumping together all defendants under a broad accusation that each participated in a scheme to defraud, *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994), it was not designed to prevent a plaintiff from associating fraud claims simply because the claimant lacks knowledge as to the entire scheme, *Johnson v. Midland Career Inst., Inc.*, No. 93 C 1363, 1993 WL 211356, *6 (N.D. Ill. June 15, 1993).

Plaintiff's Amended Complaint alleges that the Denne Defendants violated the federal mail or wire fraud statutes. 18 U.S.C. §§ 1341 and 1343. The Amended Complaint contends that Defendant Stern diverted the steel and kept it from view of Plaintiff while the Denne Defendants held the goods and paid Stern amounts less than prevailing market value. Paragraph 34 of the Amended Complaint describes twenty-five particular transactions. Each allegation provides an estimate of the date of the transaction, as well as the amount of steel sold and its

---

[3] The Court agrees with Plaintiff that, unlike the case before us, the pleading at issue in *Goren* was insufficient. The case is discussed here, however, to explain the requirements for pleading fraud.

estimated value. Plaintiff claims in each allegation that Stern and/or Casper and/or Denne was involved in each transaction, and that each transaction involved a violation of either the mail or wire fraud statutes, or both. 18 U.S.C. §§ 1341 and 1343.

At this stage, all that Plaintiff must do is outline the alleged fraudulent scheme and reasonably notify each of the defendants of their respective roles in the scheme. *Goren*, 156 F.3d at 726. Plaintiff has done so. Plaintiff has put Defendants on notice of the alleged transactions, and their roles in carrying out that scheme. The conduct about which Plaintiff complains may well be fraudulent, and the Court cannot say that there is no set of facts that could support Plaintiff's claim based on wire or mail fraud. *Harris v. Illinois Vehicle Premium Fin. Co.*, No. 99 C 5411, 2000 WL 1307513, *5 (N.D. Ill. Sept. 12, 2000).

### A. 18 U.S.C. § 1962(d)

Plaintiff has failed to establish a violation of § 1962(c). As a result, Plaintiff's § 1962(d) claim, which is based on the same facts, fails as well. *See Stachon*, 2000 WL 1478395, at *3 (holding that, where appellant's § 1692(c) and (d) claims were based on the same facts, and appellants § 1692(c) claim failed, its § 1692(d) claim must fail as well).

## CONCLUSION

For these reasons, the Court grants the Denne Defendants' Motion to Dismiss (R. 15-1) and declines to maintain supplemental jurisdiction over Plaintiff's state law claims.

Entered: /s/ Ruben Castillo

United States District Judge
Ruben Castillo

**November 17, 2000**